Estate of Hetty H. R. Green, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 42618.   Promulgated April 14, 1933.

*Campbell E. Locke, Esq.,* for the petitioner.
*Prew Savoy, Esq.,* for the respondent.

1196

OPINION.

MARQUETTE: The question here involved is whether petitioner was engaged in a trade or business regularly carried on, during the years 1923, 1924 and 1925. If so, it is entitled to the deductions claimed for the two later years. The petitioner concedes, in its brief, that it was not engaged in trade.

The business activities of the petitioner consisted of the collection of income produced by the trust property, and distributing it to the beneficiaries; in receiving amounts paid in redemption of securities, and reinvesting the same; in changing the form of investments of the trust estate from time to time in the discretion of the trustees, through sales and reinvestments. Whenever property was acquired it was taken as an investment, never for the speculative purpose of deriving profit from a sale thereof later on.

With certain exceptions not applicable here, section 219 of the Revenue Act of 1921 provides that the net income of a trust shall be computed in the same manner as that of an individual. Section 204 (a) of the same act provides that the term " net loss " means only net losses resulting from the operation of any trade or business regularly carried on. Section 204 (c) extends the benefit of the net loss provisions to the beneficiaries of an estate or trust, but not to the estate itself as a taxable entity. Section 206 (h) of the 1924 Revenue Act extends the benefit of the net loss provisions to estates and trusts.

In support of its contention that it comes within the purview of the net loss section petitioner cites many decisions of this Board. In one, *O. A. Refling, Executor*, 17 B. T. A. 327; affd., 47 Fed. (2d) 859, it was definitely held that holding the assets of an estate, converting some of them into cash, reinvesting the proceeds, receiving rents and interest, paying taxes, interest, expenses, etc., did not constitute the " operation of a trade or business regularly carried on " within the meaning of the net loss section of the statute. All the other decisions cited involved the question of allowing deductions, as ordinary and necessary expenses, of amounts paid in managing an estate over a prolonged period of administration, in conserving an estate through litigation, and the like. Only in the case of *O. A. Refling, supra,* were the facts analogous to those now before us.

The term " business " is defined in Bouvier's Law Dictionary as: " That which occupies the time, attention and labor of men for the purpose of a livelihood or profit." That definition has been accepted by the Federal courts. See *Flint* v. *Stone Tracy Co.*, 220 U. S. 107; *Hughes* v. *Commissioner*, 38 Fed. (2d) 755. And in *J. J. Harrington*, 1 B. T. A. 11, we held that under the net loss provisions of the statute a trade or business regularly carried on means a vocation, not occasional transactions.

In the present proceeding the petitioner was not engaged in buying and selling real estate and securities with a view to profit on the transaction. During 1923, when the loss in question occurred, out of seventy-five capital transactions, seventy-one consisted merely in receiving money paid to redeem bonds at maturity. In only four instances did petitioner sell property—one block of corporate stock, two mortgages, and one parcel of land. While those sales were business transactions, they were occasional, isolated transactions, not a business regularly carried on. *J. J. Harrington, supra.*

The language employed by the testatrix to safeguard the trusteed property clearly indicates that the purpose of the trusts was to conserve the estate corpus for ten years, and protect it from the hazards of active business enterprise. The whole tenor of the instrument

distinctly negatives any idea that the estate should regularly carry on a business for profit, and the evidence shows, we think, that none was carried on.

Considering the facts before us, and the cases above cited, we are of opinion that the respondent committed no error in disallowing the net loss deductions for 1924 and 1925.

*Decision will be entered for the respondent.*